THE STATE *vs.* BRENNAN'S LIQUORS.

The acts of an officer *de facto*, performed *colore officii*, are valid so far as the public or third persons having an interest in such acts are concerned, and their validity can not be indirectly called in question in a suit to which he is not a party.

Where spirituous liquors, alleged in a complaint to have been kept by the defendants in violation of the statute, entitled " an act for the suppression of intemperance," were seized under a warrant directed to a constable and the defendant pleaded in bar, that the person by whom the warrant was served, although chosen a constable, had never executed a bond for the faithful discharge of the duties of his office; it was held, that the plea was insufficient, and that the matter would also have been insufficient if pleaded in abatement.

It is not necessary to the validity of a search warrant issued under the provisions of said act, that it should limit the service to the day time.

Where a complaint alleged, that a certain quantity of spirituous liquors, to wit, ten gallons of brandy, ten gallons of rum &c., at a certain place, was kept by

The State *v.* Brennan's Liquors.

B. and intended by him to be sold in violation of said act, and by virtue of the warrant which recited the complaint, the officer seized a hogshead containing thirty gallons of rum, and a barrel containing eighteen gallons of rum; it was held, that the specification of the kinds and quantities of the liquors under the videlicet was intended as a description of them, and not to limit their quantities, and that the authority of the officer was not limited to the quantity specified in the complaint.

Where, after a seizure of the liquor under the provisions of the statute, a citation was issued by the magistrate, to the defendant and to all others interested, to appear and show cause why the liquor should not be forfeited, which citation, after setting out briefly the substance of the complaint, the warrant and the seizure, stated, that it was alleged in the complaint that the liquor in question was owned and kept by "some person" without specifying any person by name, and the defendant appeared before the justice, and was heard, and afterwards appealed the cause to the superior court, and there pleaded in bar to the suit; it was held, 1. That by the service of such citation the defendant received reasonable notice to appear and be heard. 2. That he could not at that stage of the case avail himself of any defect in the notice.

The provisions of said act, relating to proceedings *in rem* to effect the forfeiture and destruction of spirituous liquors, kept for illegal sale, are constitutional and valid.

The provision of said act, that the justice, if he shall find the liquor was kept in violation of said act, shall render judgment that the liquor and the vessels which contained it be forfeited, is not, by giving to the justice jurisdiction over property to an unlimited amount, repugnant to the constitution of this state, as impairing the right of trial by jury, inasmuch as the right of appeal is allowed to the claimant in every case.

It is no valid objection to the constitutionality of said act, that the defendant, before an appeal is allowed, is required by it to give bond to prosecute his appeal to effect, in such amount as the justice may order, and that the justice has the power to prevent an appeal by requiring a bond of an exorbitant amount, inasmuch as it is not to be supposed that any such abuse of authority will be practiced, especially as the bond is required only to secure the payment of costs.

Nor is the provision of said act, that the liquor forfeited shall be delivered to the agent of the town to be destroyed or sold for the benefit of the town, a violation of the constitutional provision, that "the property of no person shall be taken for public use without just compensation therefor."

The provisions of said act with regard to the exclusive sale of liquors by the towns, through agents appointed for that purpose, are not invalid, as giving to the towns a monopoly of such sale.

THIS was a complaint made by three residents of the town of Cheshire, to a justice of the peace, pursuant to the provisions of the act of 1854, entitled, "an act for the suppression of intemperance," alledging that certain spirituous liquors were owned and kept by Martin Brennan upon his

premises, for the purpose of being sold in violation of the statute.

Upon this complaint the magistrate issued his warrant for the seizure of the liquors and the vessels containing them. By virtue of this warrant, Jesse L. Nichols, acting as a constable of the town of Cheshire, searched the premises and seized one hogshead containing about thirty gallons of rum, one barrel with eighteen gallons of rum, and several small vessels containing spirituous liquors, and took them into his possession.

Brennan having been duly notified, appeared, and the magistrate upon a hearing of the parties, adjudged the liquors and the vessels containing them to be forfeited, and that Brennan pay the costs of prosecution.

From this judgment Brennan appealed to the superior court, and there pleaded that the attorney for the state, of having and maintaining the complaint, ought to be barred, because Jesse L. Nichols, by whom the warrant was served, although chosen a constable by the town of Cheshire, had never executed a bond with surety to the acceptance of the selectmen, in accordance with the requirements of the statute of 1854, entitled "an act relating to constables."

To this plea there was a demurrer, and the superior court for the county of New Haven, at the October term, 1855, reserved the questions of law arising upon the record for the advice of this court. Various details of the record, as to the proceedings before the magistrate, the validity of which was made the subject of discussion before the court, sufficiently appear from the opinion of the court.

*Foster* and *Harrison*, for the state.

1. The officer who seized the liquor in question, was at least a constable *de facto*. Hence his right to act as constable can not be questioned in this case. *Plymouth* v. *Painter*, 17 Conn. R., 585. *Monson* v. *Hunt*, 17 Conn. R., 566, 573, 574. *Douglass* v. *Wickwire*, 19 Conn. R., 489, 492. *Nason* v. *Dillingham*, 15 Mass., 170. *Bucknam* v. *Ruggles*, 15

The State *v.* Brennan's Liquors.

Mass., 180. *Fowler* v. *Beebe*, 9 Mass., 231. *People* v. *Hopson*, 1 Denio., 574.

2. If he were not constable at all, either *de jure* or *de facto*, that ground of defence (if pleadable at all) would be pleadable only in abatement. It can not now be pleaded even in abatement, much less in bar. *Wickwire* v. *The State*, 19 Conn. R., 477. *Smith* v. *The State*, 19 Conn. R., 493, 498, 499.

3. The statute applicable to the case is not unconstitutional. 12 Wheat., 419. 5 How. U. S., 504. *Beers* v. *Beers*, 4 Conn. R., 535. *Colt* v. *Eves*, 12 Conn. R., 253. *Fisher* v. *McGirr*, 1 Gray, 1.

4. Judgment of forfeiture should be rendered and the orders necessarily following such judgment according to secs. 13 and 14 of the statute, should be made. *State* v. *Wickwire*, 19 Conn. R., 477.

*Doolittle*, for the defendant.

1. This search and seizure process being "in invitum" all the prerequisites of the statute are to be complied with strictly. *Mitchell* v. *Kirtland*, 7 Conn. R., 231. *Hobart* v. *Frisbie*, 5 Conn. R., 592. *Parker* v. *Rule's lessee*, 9 Cranch, 64.

These liquors have never been seized by a proper legal officer in conformity with the statute. Stat. Ed. 1854, 823. It is admitted that the constable who made the seizure, had not given the bond which the statute demands "shall" be given " before " a constable enters upon the duties of his office. Stat. Ed. 1854, 161.

This being a proceeding in rem, the court must find the fact that it has been seized by a proper officer, before it can proceed to its condemnation.

2. The process itself is fatally defective and in violation of the constitution of this state. Art. 1, §§ 8, 9, 12. 1. The search is not limited by the warrant to the day time. 2 Hale P. C., 113, 114. *Stone* v. *Dana*, 5 Met., 99. 1 Sw. Dig., 495. The officer was authorized to seize only ten gallons of rum, the rest must be restored. 1 Chit. C. L., 66. 2. There is no allegation in the citation as to " the person" entertain-

ing a criminal intent other than "some person." 3. Although the complaint is required to name some person as the owner or keeper, yet if the court finds that it was kept by "any person" with a criminal intent, it becomes the duty of the court to condemn it. So that the liquors may be forfeited if kept by a person not named in the complaint, of whom the defendant may have no knowledge. 1 Gray R., 1. 1 Curtis R., 311.

3. The statute on which the complaint is founded, violates the constitutional provisions in relation to trial by jury. It confers upon a justice power to order the destruction of property of unlimited value. 1 Gray R., 1.

Whether the defendant can obtain a trial by jury depends upon the discretion of a justice who may fix the bond as he pleases. 1 Curt., 311. 12 How. U. S., 277.

It does not destroy property, but takes it for public use without compensation and provides that the town agent may sell it.

A town agent is created a tribunal to determine upon the fact whether the liquor seized is a nuisance or not, without the right of appeal.

4. The law deprives the owners of liquors of their property, without legal process, and therefore is unconstitutional and void.

Although the "constitutionality" of the general objects of the act may not be questioned, the legislature has no right to compel the "immediate and unconditional" destruction of liquors. 12 How., 239. 11 How., 344.

It is not competent for the government to give to the towns the monopoly of the sale of liquors. Am. Saw. Reg., Vol. 4, p. 348.

WAITE, C. J. Two questions have been made by the defendant in the present case. The first relates to the sufficiency of his plea, and the second to the constitutionality of the statute under which the prosecution was commenced.

1. It is admitted in the plea, that Nichols, who served the warrant, as a constable of the town of Cheshire, was duly ap-

pointed a constable by the town, and it is not denied but that he had been duly sworn, and possessed every qualification necessary to enable him to perform the duties of that office, except that of having given bond in pursuance of the requirement of a recent statute.

He therefore, in serving the process as a constable, acted *colore officii*, and was an officer *de facto*. Now the principle recognized and established by recent and repeated decisions of this court, is, that the acts of an officer *de facto* are valid, so far as the public and third persons who have an interest in them are concerned, and their validity can not be directly called in question, in a suit in which the officer is not a party. It is enough that he acts under color of an appointment by that body which alone has the power to make it. And this we have said is too well settled to be any longer a debatable point. *The town of Plymouth* v. *Painter*, 17 Conn. R., 585. *Monson* v. *Hunt*, 17 Conn. R., 566. *Douglass* v. *Wickwire*, 19 Conn. R., 489. *Smith* v. *The State*, 19 Conn. R., 493.

The constable is no party to the present proceeding, and having been duly appointed a constable by the town which alone had the power to make the appointment, and having served the warrant in his official character, the validity of his qualifications can not now be called in question by the defendant.

It is said that the plea is bad in another respect, that the matters therein stated should have been pleaded in abatement, and not in bar of the prosecution. But we deem it wholly unnecessary to consider that question, as we are fully satisfied, that however pleaded, they are insufficient either to bar or abate the prosecution.

2. The next enquiry relates to the constitutional power of the legislature to pass laws restraining the sale of intoxicating liquors, and the means that may be adopted to prevent such sale.

Upon this subject much has been said and written, but upon the present occasion, we do not consider it necessary to go into any extended examination of that subject, or do more than briefly consider the objections which have been

urged by the defendant's counsel in the present case, against the validity of the law upon which the prosecution is founded, and the proceedings of the complainants under it.

1. In the first place, it is said the search is not limited by the warrant to the day time.    There is no pretence that the search was not made at a proper time, and the presumption is, that the officer will execute his precept at a proper time, and in a proper manner, although it contain no special direction to that effect.    Thus, if an attachment in a civil case is issued against the person of another, it is not to be presumed that the officer will make the arrest on the sabbath, or without his jurisdiction, although there may be nothing in the warrant restraining the service to any particular time or place.

2. It is said the officer had no power to seize more than ten gallons of rum.

The complaint states that, at a certain place, a quantity of spirituous or intoxicating liquors, to wit, ten gallons of brandy, ten gallons of rum, &c., a more particular description of which is to the complainants unknown, is owned and kept by Martin Brennan, and is intended by him to be sold in violation of the statute.    The warrant recites the complaint and then directs the officer to search the place and seize the liquors.    By virtue of this warrant the officer seized a hogshead containing thirty gallons of rum, and a barrel containing eighteen gallons.

The specification of the kinds and quantities of the liquors, given under the videlicit, was intended as a description of them and not to limit their quantities.    The warrant required the officer to search for and seize a quantity of intoxicating liquor kept by Brennan, and intended by him for sale, containing ten gallons of rum, &c., but did not restrict him to a seizure of that precise quantity.    Had the officer been directed to seize a certain hogshead of rum containing ten gallons, it would hardly be contended that, if the hogshead contained more than that quantity, he could not seize the whole contents.

3. In the next place it is said that there is no allegation

in the citation, as to the person entertaining a criminal intent other than " some person." An objection to the form of a citation comes very late from a party, after he has appeared, been heard, appealed the case to the superior court, and there pleaded in bar of the suit.

In the complaint it is alledged that the liquor was owned and kept by Brennan with intent to sell the same in violation of the statute. After the seizure had been made under that complaint, a citation setting out briefly the substance of the complaint, the warrant, the seizure, and the place of seizure, is issued, requiring Brennan and all others interested, to appear at a specified time and place, and show cause, if any they had, why the liquor should not be adjudged forfeited. It is true the citation states that it was alledged in the complaint that the liquor was owned and kept by " some person" with intent that it should be sold contrary to law. The service of that citation gave the defendant reasonable notice. At any rate he can not in the present stage of the case, avail himself of any defect in the notice.

4. Again it is said that if the court finds that the liquor was kept by " any person " with a criminal intent, it may decree a forfeiture.

The proceeding in this case is a proceeding in rem. The statute provides that liquor unlawfully kept for sale, shall be deemed a nuisance. The object is to have it seized and destroyed as such. After the liquor has been seized, and thus brought within the jurisdiction of the magistrate, he is to appoint a time and place for the hearing, and give notice to the person in whose possession it was found, and all other persons interested, by serving a written notice upon him, and setting up another upon the public sign-post, for a period of at least two weeks, for them to appear, if they see cause, and defend. And any person may appear and be made a party dependant.

After such notice has been given, the magistrate is to proceed and hear the parties, and if upon the evidence he finds that the liquor was kept by any person for the purpose of

*being sold in violation of the statute, he may decree a forfeiture.*

It is to be presumed that the magistrate will discharge the duty conferred upon him properly ; that he will not decree a forfeiture, if the party in interest is not before the court, without giving him due notice to appear ; or if it should appear that the person having it, with intent to sell, was a mere trespasser, and the true owner was chargeable with no fault or neglect. It might as well be said, that in no case should criminal jurisdiction be conferred upon a single magistrate, as he might abuse the power conferred upon him, and convict without sufficient evidence. The remedy which the law has provided in such cases, is by an appeal, or a writ of error.

5. Next it is said that the statute violates that provision in the constitution, which says, that " the right of trial by jury shall remain inviolate," inasmuch as it gives the justice jurisdiction over property of an unlimited amount. But it allows the claimant the right of appeal in all cases. And it has been decided by this court, that a statute enlarging the jurisdiction of justices of the peace, in civil cases, is not in violation of that clause in the constitution, so long as the right of appeal remains : and that preserves the right of trial by jury inviolate, within the words and fair intendment of the constitution. *Beers* v. *Beers,* 4 Conn. R., 535.

6. It is further said that the justice may in effect prevent an appeal, by requiring a bond of an exorbitant amount. The same objection might with equal propriety be urged against the statute increasing the jurisdiction of justices in civil cases. Such an abuse of authority is not to be supposed. The mere circumstance that a court of justice may unlawfully pervert a statute is no argument to prove that it is unconstitutional. Besides the bond is only required to secure the payment of the costs in the case. It ought to be of sufficient amount for that purpose, and all beyond is immaterial.

7. Again it is claimed that the statute violates another clause in the constitution, which says that " the private property of no person shall be taken for public use without com-

pensation therefor;" that it authorises the taking of private property for the benefit of the town. The same objection might, with the same propriety, be urged against almost every penal statute, as the law requires all fines, forfeitures and penalties, unless otherwise expressly disposed of, to be paid either into the state or town treasury.

Thus a person convicted of the crime of drunkenness, is subject to a fine payable into the town treasury. In one sense it may be said, his money, if the fine is paid, is taken for public use, but not within the meaning of that clause of the constitution. The fine is imposed not because the public want his money, but as a punishment for his offence, and the disposition of it does not affect the validity of the law subjecting him to the punishment.

So, in the case under consideration, the law imposes the forfeiture of the liquors, not for the benefit of the town, but as a punishment for keeping them for an unlawful purpose. Forfeitures have frequently been imposed by laws of congress as well as by other laws of this state, none of which have ever been adjudged unconstitutional.

By the laws of Congress goods imported into this country in violation of the revenue laws, and intoxicating liquors carried into Indian territories, to be there sold in violation of law, may be seized and forfeited. So in this state under certain circumstances, race horses, and animals used in circus exhibitions, are liable to forfeiture.

"We have no doubt" say the supreme court of Massachusetts, "that it is competent for the legislature to declare the possession of certain articles of property, either absolutely or when held in particular places, and under particular circumstances, to be unlawful, because they would be injurious, dangerous or noxious; and, by due process of law, by proceedings in rem, to provide both for the abatement of the nuisance, and the punishment of the offender, by the seizure and confiscation of the property, by the removal, sale, or destruction of the noxious articles." *Fisher* v. *McGirr and others,* 1 Gray, 27.

Many acts considered lawful at common law, for reasons

of policy, or the preservation of public morals, have been prohibited by statute, as theatrical exhibitions, selling lottery tickets, and the emission of bills of credit to be used as currency by a private individual without authority from the legislature.

Even the keeping of spirituous liquors for the owners use, is not prohibited. It is the keeping with intent to sell, in violation of the statute, which renders the act unlawful.

It is finally said that the public have no right to monopolize the sale of ardent spirits. The object of the legislature in authorizing a sale by a public agent for certain purposes, was not to raise a revenue for the town, but to accommodate certain persons with spirits for particular uses, and at the same time to guard against the evils resulting from an indiscriminate sale by all persons and for all purposes.

Several other considerations have been urged by the defendant, some of which have already been sufficiently answered, and the residue in our opinion do not require any further remarks.

We have thus considered the several objections that have been urged against the validity of the law upon which the present proceeding is founded. The object of the legislature in passing it, was to aid in the suppression of intemperance, pauperism and crime; evils which impose very heavy and onerous burdens upon the public. The expenses attending the prosecution of crimes, the support of criminals, and the maintenance of paupers are very great; and no one can doubt but that, to a very great extent they have been caused by the multitude of tippling shops with which our community has been heretofore infested.

The measures best calculated to prevent those evils, and preserve a healthy tone of morals in the community, are subjects proper for the consideration of the legislature. Courts of justice have nothing to do with them, other than to discharge their legitimate duties in carrying into execution such laws as the legislature may establish, unless indeed they find that the legislature in making a particular law, has disregarded the restraints imposed upon it by the constitution of

The State *v.* Brennan's Liquors.

this state, or of the United States. That they have power to declare such a law unconstitutional and void, is not denied. But at the same time, it is a power to be exercised with caution, and in no doubtful case.

From the best examination we have been able to give this case, we are unable to say, that for any of the reasons that have been assigned, the legislature, in passing the law in question, transcended any of its legitimate powers.

And we are the more confirmed in our opinion, by the very recent decision of the supreme court of the state of Vermont, in which they held that a law of that state, in all of its essential features almost identical with ours, was not unconstitutional or void. *Lincoln* v. *Smith and others*, 27 Verm. R., 328. Bennett, Justice, who delivered the opinion of the court, after carefully reviewing in a very able manner the various objections urged against the law, pronounced it valid.

It is true, the Chief Justice of that court was of opinion, that one clause in the statute as originally passed, according to his construction of it, was unconstitutional, inasmuch as it authorized the magistrate, without a hearing and without evidence, to impose a fine upon the owner of the liquors seized, if he failed to appear and show by satisfactory evidence that they were not intended for sale in violation of the statute. But the other judges did not so understand the law, and the legislature, subsequently, for the purpose of removing all objections, repealed that clause, leaving the law as it now stands, so far as relates to the constitutional objections, the same as ours.

We therefore advise the superior court to adjudge the defendants' plea insufficient, and dispose of the liquors seized in conformity with the directions given in the statute.

In this opinion, the other judges, STORRS and HINMAN, concurred.

Plea insufficient.

Liquors to be condemned.