Anderson, J.,
delivered the opinion of the court.
The court is of opinion that by section 3 of the act of assembly, approved March 30, 1871, (Session Acts of 1870-71, p. 362,) the accused is entitled to an appeal of right, without assignment of error, from the judgment of the justice; and that upon such appeal the cause is'to be heard de novo upon the evidence. For this purpose the justice is required to recognize the witnesses to appear at said court. The accused is, by section 4, entitled to trial by a jury, to be impanelled as in like cases originating in said court; and it is the duty of the court to try the case and to pronounce judgment, as if it had originated in that court. It was error, therefore, in the County *621 court to remand the cause to the justice of the peace, to he tried by him. The justice had no further jurisdiction of the case, and the second trial by him was a nullity.
How, then, did the case stand when it came back to the County court upon the second appeal? Just as it did before the order was made remanding it to the justice. That order, and all the intermediate proceedings, were null and void; and the prisoner was before the court by appeal, just as if they had not been taken, to be tried upon the charge of larceny laid in the warrant of arrest, in the same way as in like cases originating in that court. He was arraigned upon the charge, pleaded not guilty, tried by a jury and found guilty. A motion was made for a new trial, upon the ground that the verdict was contrary to the law and evidence; which motion was overruled by the court, and exception taken by the prisoner; but neither the evidence nor the facts are certified. Ve cannot say, therefore, that the verdict is contrary to the law and evidence.
There are also exceptions to two other rulings of the court. The first is, because the second judgment of the justice does not inflict the punishment prescribed by law; and the court overruled a motion to set it aside upon that ground, and to discharge the prisoner from custody. If the judgment was erroneous on that ground, the court had plenary jurisdiction to try the cause do novo, did so, and corrected the judgment of the justice, by rendering such judgment as was proper. It was not bound to entertain the preliminary motion. If it had done so it would have still been bound to try the cause upon its merits, and the result would have been the same. And for that reason the court was right in overruling the motion to discharge the prisoner from custody. It was the duty of the court to try him upon the evidence.
*622 The ground of the second exception is, that the second trial of the prisoner was illegal, he having been before for the same offence by the justice. It does not appear from the previous judgment °*' justice that he had been convicted of the same offence. The charge was larceny, and the first judgment of the justice convicted him only of receiving the goods of another, which constituted of itself no offence. But if it were conceded (which we do not think is true) that the second judgment of the justice was illegal upon the ground of a previous conviction by the justice for the same offence,, the accused had appealed to the County court from the first judgment of conviction, which gave the court jurisdiction, as original, to try the case upon the evidence; which had not yet been done. To set aside the second judgment on this ground of alleged illegality, or upon the better ground, that the whole proceeding wras null and void, would only, in effect, remit the accused to a trial by the County court de novo, upon his appeal from the first judgment. The appeal gave the court jurisdiction, not merely to review the decision of the justice on the ground of error, but original jurisdiction to try the cause upon its merits, as if the justice had passed no judgment upon it. And there appealing to be no error in the verdict of the jury or in the judgment of the court thereon, the Circuit court, instead of ■expressing an opinion that the writ of supersedeas awarded to the judgment of the County court was improvidently allowed, ought to have affirmed the judgment of the County court; and the judgment of the Circuit court ought to be amended in that respect and then affirmed. Therefore it is considered by the court that the said judgment of the Circuit court be amended as aforesaid .and affirmed.
*623 Which is ordered to be certified to the Circuit court of ■Charlotte county.
Judgment amended and affirmed.