81  491
88  631
81  491
91  729

# Richmond.

## HARRISON v. THE COMMONWEALTH.

### MARCH 11th, 1886.

1. CRIMINAL PROCEEDINGS—*Discontinuance.*—A case stands continued without any order ; and failure to enter order of continuance, works no discontinuance. Code 1873, ch. 201, sec. 26, and ch. 161, sec. 16.
2. IDEM—*Appeal from justice.*—An appeal of right is given by statute to one convicted of petit larceny before a justice without assigning errors. *Read's Case,* 24 Gratt. 618.
3. IDEM—*Idem—Trial de novo.*—One convicted of petit larceny before a justice moved the county court to review the judgment. An endorsement on warrant showed that the witnesses had been recognized to appear before the county court. After trial and conviction in county court, then defendant objects that there is no endorsement of "appeal" on the warrant by the justice.

HELD :
The objection comes too late.

Error to refusal of judge of circuit court of Cumberland county to award a writ of error to judgment of county court of said county, rendered November 25, 1884, and sentencing Emanuel Harrison, the plaintiff in error, to five months' imprisonment in the county jail, in accordance with the verdict of the jury finding him guilty of petit larceny, upon his appeal from the judgment of the justice upon the warrant charging him with that offence.

Opinion states the case.

*William M. Flanagan,* for the plaintiff in error.

*Attorney-General R. A. Ayers,* for the Commonwealth.

LACY, J., delivered the opinion of the court.

The plaintiff in error was convicted before a justice of the peace in the county of Cumberland, in August, 1884, of the crime of petit larceny, under the first section of chapter twenty-five of the Criminal Code, Acts 1877–78, page 375, and sentenced to thirty days' imprisonment.   He appealed to the county court of said county under the second section of the said chapter.   At the September term of the county court, 1884, the case was continued to the November term, for the defence, as the order shows.   At the October term, however, next ensuing, it appearing that the order entered at the September term, set forth above, was by mistake, the said order of the September term was amended so as to conform it to the fact, and make it an order for the continuance of the case to that term; and then, at the said October term, an order was entered continuing the case to the November term following.   At this term the prisoner was convicted, and his term of imprisonment fixed at five months in the county jail.   Whereupon he moved in arrest of judgment and for his discharge, because, by the said order of the September term, there had been a discontinuance of the case.   This motion was overruled, and the prisoner excepted.   Upon appeal to the circuit court, the judgment of the county court was affirmed—the case being before this court on a writ of error to the judgment of the circuit court.

It is assigned as error that the county court entered at the September term an order of continuance to the November term.   Citing the case of *Amis* v. *Koger*, 7 Leigh, 223.

In this case it cannot be claimed that the accused was deprived of his constitutional right to a speedy trial, as is claimed, and "denied his chance of a trial at each term of the court," or that there had been any term of the court at which

no order had been entered, as the record shows that an order of continuance was entered at each term of the court from his appearance in that court to his conviction. The order of the September term was corrected at the October term, and the case then continued to the November term, when he was tried with the result stated.

But if there had been no order at the October term of continuance it would not have operated as contended under the existing laws of this State. Section 26, chapter 201 of the Code of 1873 (Acts 1877–78, chapter 16, section 26), provides: "There shall be no discontinuance of any criminal prosecution by rëason of the failure of the court to award process, or to *enter a continuance on the record.*"

The case of *Amis* v. *Koger, supra,* was decided in 1836, and arose before the act of April 16, 1831. R. C., 1819, page 142, section 21. Judge Carr said in that case: "In the first place, there was no power in the court, without consent, to continue the case from June till August, passing by entirely the July term. If the court could then pass over one term, it might twenty. This was a clear *discontinuance,* and the motion out of court."

But the law now provides, as we have seen in section 26, chapter 201, V. C., that there shall be no discontinuance for such cause. And section 16, of chapter 161 of the Code, provides further: "All causes upon the docket of any court, and all other matters ready for its decision, which shall not have been determined before the end of the term, whether regular or special, shall, *without any order of continuance,* stand continued to the next term."

If the accused felt aggrieved by the action of the court in continuing the case, he did not except to the ruling of the court during the term; and, as we have seen by the express terms of the law, it does not operate a discontinuance of the case

so as to avail him in a motion in arrest of judgment, even if the September term had been as he contended. See *Sand's Case,* 20 Gratt. 800 ; *Cleek's Case,* 21 Gratt. 781 ; *Pitman Hill's Case,* 2 Va. Cas. 61 (decided in 1817) ; *The Commonwealth* v. *Joseph Varner,* Id. 62 ; *The Commonwealth* v. *Aaron Gourd, Jr.,* Id. 470 ; *Bolanz* v. *Commonwealth,* 24 Gratt. 38 ; *Hale* v. *Burwell,* 2 P. and H. 608.

The accused was entitled to an appeal as of right from the judgment of the justice to the county court without assigning errors. " The appeal gave the court jurisdiction, not merely to review the judgment of the justice upon the ground of error, but original jurisdiction to try the cause upon its merits, as if the justice had passed no judgment upon it." *Read's Case,* 24 Gratt. 622.

The record shows that the accused appeared before the county court and moved the court to review the judgment of the justice ; and the endorsement on the warrant shows that the witnesses for the Commonwealth were recognized by the justice to appear before the next term of the county court. And it is too late after conviction in the county court for the accused to except to the absence of any endorsement of an appeal on the warrant by the justice. There is no error in the judgment complained of, and the same must be affirmed.

JUDGMENT AFFIRMED.