## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### MILLER v. COMMONWEALTH.

#### January 15th, 1892.

1. CONSTITUTION—*Legislature—Presumption.*—In the construction of state statutes the legislature possesses all legislative powers not prohibited by the fundamental law, and every legislative act is presumed to be valid. Yet if there be a clear incompatibility between the constitution and the act, the latter is invalid, and must be so declared.

2. IDEM—*Code, § 4106.*—Code, § 4106, conferring upon justices jurisdiction concurrent with that of the county and corporation courts, over the offence of keeping a bawdy house, is repugnant to § 10, Article 1, Constitution of Virginia, and §§ 4107 and 4108, giving in such case the right of appeal and trial by jury in the appellate court, does not relieve § 4106 of such repugnancy.

Error to judgment of circuit court of Rockingham county, rendered April 20th, 1891, affirming a judgment of county court of said county, rendered September 20th, 1890, whereby the plaintiff in error, Mary Miller, was sentenced to confinement in jail for one month and twenty days and the payment of a fine of $17, in accordance with the verdict of the jury, empanneled to try a warrant for keeping a bawdy house, wherein she had on 14th April, 1890, been tried and convicted before a justice of the peace, from which judgment she had appealed. Before the county court she moved to quash the warrant and judgment of the justice and for her release from custody on the ground that the jurisdiction of the justice was limited to that of an examining justice, and that his judgment was *coram non judice* and void. This motion was overruled. The defendant excepted and brought the case here upon writ of error and *supersedeas.*

*Strayer & Liggett,* for plaintiff in error.

*Attorney-General R. Taylor Scott,* for commonwealth.

LEWIS, P., delivered the opinion of the court.

The plaintiff in error, Mary Miller, was tried before a justice of the peace of Rockingham county, and sentenced to pay a fine of $100 and to be confined in jail six months, for keeping a house of ill-fame. From this judgment of the justice she appealed to the county court, and after the docketing of the appeal in that court, and before any further proceedings in the case were had, she moved to quash the warrant and to be discharged from custody, on the ground that the justice had no jurisdiction of the case, except that of an examining magistrate merely. But the motion was overruled, to which ruling she excepted.

The case was then tried by a jury, which returned a verdict of guilty, fixing the punishment at one month and twenty days' confinement in jail and the payment of a fine of $17. A motion for a new trial was made and overruled, and judgment pronounced in accordance with the verdict, which judgment having been afterwards affirmed ("*pro forma,*" as the record states,) by the circuit court, a writ of error was awarded by one of the judges of this court.

The statutory punishment for the offence in question is confinement in jail not exceeding one year, and a fine not exceeding $200. Code, sec. 3790. And by an act of Assembly approved March 14th, 1878, now carried into section 4106 of the Code, justices of the peace and police justices are given jurisdiction over the offence concurrent with that of the county and corporation courts. Section 4107, however, gives the accused, in case of a conviction, the right of appeal to the county, corporation, or hustings court, and provides that, unless let to bail, he shall be committed to jail by the justice

until the next term of such court. And by section 4108 it is provided that the accused shall be entitled to a trial by jury in the same manner as if he had been indicted for the offence in the appellate court.

It is contended that section 4106 of the Code, in so far as it gives jurisdiction to a justice of the peace to try a case like the present, is void, because it denies to the accused the constitutional right of trial by jury; in other words, that it is repugnant to that clause of the Constitution of Virginia which ordains that " in all capital or criminal prosecutions a man hath the right to demand the cause and nature of his accusation * * and to a speedy trial by an impartial jury." Art. I., sec. 10.

It is undoubtedly a true rule in the construction of state statutes that the legislature possesses all legislative power not prohibited by the fundamental law. It is also true that every legislative act is presumed to be valid. But where there is a clear incompatibility between the constitution and the act, the latter is invalid, and ought to be so declared, for the constitution is the paramount. law, binding alike upon all the departments of the government. `

Is there, then, such incompatibility between the act in question, so far as it relates to a case like the present, and the constitution ? We are of opinion that there is.

The guarantee of the constitution relied on is plain and unambiguous. It declares in unmistakable terms that in all criminal prosecutions the accused hath the right to a *speedy* trial by an impartial jury. Language could hardly. be plainer or less liable to misconstruction.

It must be conceded, however, notwithstanding the broad language of the constitution, that there are many petit offences against statutes or municipal ordinances, such as Sabbath-breaking, drunkenness, vagrancy, and a vast variety of others, which are triable without a jury, because they were so triable when the constitution was adopted, and the right of

trial by jury which is secured is the right as it existed at the time the constitution was adopted.] This was decided in the recent case of *Ex-parte Marx,* 86 Va. 40, and such is the settled law on the subject. *Byers* v. *Commonwealth,* 42 Pa. St. 89; *Work* v. *State,* 2 Ohio St. 296; *Inwood* v. *State,* 42 Ind. 186; *Trigally* v. *Mayor of Memphis,* 6 Cold. 382; *State* v. *Glenn,* 54 Md. 572; *Natal* v. *Louisiana,* 139 U. S. 621; 4 Bl. Comm. 280; 1 Steph. Hist. Crim. Law, 122; 2 Dill. Munc. Corp. (4th Ed.) § 439.

But the offence of keeping a bawdy house is not of that class. Such an offence is a public nuisance, and therefore indictable at common law, 1 Russ. Crimes, 298. Hawkins, a writer of high repute, speaks of it as an offence of a gross nature, punishable at common law, not only with fine and imprisonment, but also with such *infamous* punishment as to the court in its discretion shall seem proper. 1 Hawk. P. C. ch. 74.

Accordingly, there is no authority, of which we are aware, holding that the offence is, or that at any time in our juridical history it has ever been, triable without a jury; nor was there ever any statute in Virginia authorizing it to be tried by a justice of the peace prior to the passage of the act of March 14th, 1878, above mentioned, which was long subsequent to the adoption of our present constitution; and it is needless to say that it is not competent for the legislature, by classifying it, as is done in section 4106 of the Code, with offences which are so triable, to deprive a person accused of the offence of the benefit of a trial by jury.

In *Warren* v. *People,* 3 Park. C. C. 544, it was held that a statute of New York, which subjected the keepers of bawdy houses to summary conviction before a justice of the peace, was unconstitutional and void, because it deprived the accused of a trial by jury.

" To allow the legislature," said the court, " to except from the operation of a constitutional provision by direct enactment, a matter clearly falling within its meaning, would sanc-

tion a fraud upon its organic law, and might, in the end, destroy its obligation." And in *Slaughter* v. *People*, 2 Doug. (Mich.), 334, it was decided that a summary conviction of the accused for keeping a bawdy house was invalid, because inconsistent with the Constitution of Michigan, which declares that " no person shall be held to answer for a criminal offence unless on a presentment of a grand jury."

That the act in question was well intended—that is to say, to provide a speedy and cheaper mode of prosecuting, among other misdemeanors, offences against morality and decency—is obvious. But its validity is not to be determined with reference to any consideration of that sort. The constitution, we repeat, is the supreme law, and the right of trial by jury which it secures, which is co-eval with the English government itself, and which is more than once insisted on in *Magna Charta* as the chief bulwark of English liberty, is not to be sacrificed or impaired in the interest of economy. Far better amend the constitution than to violate it, or to sanction its violation, however good may have been the motives of those by whom the act was passed.

The case at bar is not distinguishable in principle from *Callon* v. *Wilson*, 127 U. S. 540. In that case the appellant was summarily convicted and fined $25, in the police court of Washington, for a conspiracy, under an act of Congress, which gave a party convicted an unobstructed right of appeal to, and a trial by jury in, a higher court. It also provided that the appeal should be tried " *as though the case had originated*" in the latter court. The act was assailed as being repugnant to the Constitution of the United States, which, in terms very similar to the language of our state constitution, guarantees the right of trial by jury in all criminal prosecutions, and this contention was sustained. The Supreme Court unanimously affirmed these propositions—viz. : (1) That the offence charged against the appellant was not of a class of petit offences which, according to the common law, are triable without a jury; (2)

that the police court, in trying the case, acted not as an examining court merely, but as a trial court in the fullest sense of those words; and (3) that the provision giving a right of appeal and a jury trial in the appellate court did not relieve the statute of its repugnancy to the constitution.

Upon the latter point the court, after a review of the authorities, including *Jones* v. *Robbins,* 8 Gray (Mass.); 329, stated its conclusion in the following language :

" Except in that class or grade of offences called petit offences, which, according to the common law, may be proceeded against summarily in any tribunal legally constituted for that purpose, the guarantee of an impartial jury to the accused in a criminal prosecution, conducted either in the name, or by, or under the authority of the United States, secures to him the right to enjoy that mode of trial from *the first moment,* and in whatever court he is put on trial for the offence charged. *In such cases a judgment of conviction, not based upon a verdict of guilty by a jury, is void.* To accord to the accused a right to be tried by a jury in an appellate court after he has been once fully tried otherwise than by a jury in the court of original jurisdiction, and sentenced to pay a fine, or be imprisoned for not paying it, does not satisfy the requirements of the constitution."

The guarantee of the Federal Constitution, it is true, applies only to proceedings in the Federal courts. *Barron* v. *Baltimore,* 7 Pet. 243; *Eilenbecker* v. *Plymouth County,* 134 U. S. 31. But the provision of the Constitution of Virginia, is substantially the same, and ought, we think, to be similarly interpreted.

We cannot, therefore, give our approval to the cases cited by the attorney-general from the courts of other states, which, if followed, would lead to a different result. The right of trial by jury ought to be regarded as not less sacred in the courts of Virginia than in the Federal courts, or any other courts which are governed by the principles of *Magna Charter.*

That the speedy trial guaranteed by the constitution is not

only a jury trial, but a jury trial in the first instance, would seem to be clear. The right in all cases to which it extends is made absolute and unqualified, and its enjoyment cannot be clogged by any unreasonable conditions. To say, therefore, that it is consistent with the constitution to make the conviction of the accused in one court a *sine qua non* to the enjoyment of the right in another court, or to its enjoyment at all, seems to us, as it did to the Supreme Court, a proposition altogether untenable.

Nor is it an answer to this to say that when the accused is tried by a jury in the appellate court, he stands unprejudiced by his previous conviction.

This may be so in the theory of the statute, but it is so theoretically only; for naturally the moral effect of the conviction has a tendency, at least, to prejudice his case in the estimation of the jury. But be that as it may, the restriction upon the right of trial by jury which the statute imposes is not within the true meaning of the constitution, and by that instrument, which we are sworn to support, the court must be governed in its determination of this case. Other considerations can have no influence in determining it.

It follows that the judgment must be reversed, and an order entered discharging the plaintiff in error from custody.

HINTON, J., was absent at the first hearing, but on the re-hearing he concurred in the foregoing opinion.

LACY, J. (dissenting), said:

I dissent from the opinion of the majority of the court delivered in this case for the following reasons:

The trial of the accused was under section 4106 of the Code of Virginia, which expressly provides that such an offence— "keeping a house of ill-fame"—shall be tried by a justice of peace, who is given jurisdiction to that end by the said section.

The plaintiff in error, Mary Miller, was accordingly tried by a justice of the peace having cognizance of the said offence, and convicted and fined $100 and sentenced to imprisonment in the county jail for six months. She appealed therefrom, and the justice endorsed the said appeal on the warrant. In the county court of the county having cognizance of the offence, to which the appeal was taken, the defendant having pleaded not guilty, a jury was empanneled, and she was tried as if she had been indicted in said court, where, by the verdict of the jury, she was found guilty of keeping a house of ill-fame, resorted to for purposes of prostitution and lewdness, and her punishment fixed at *one month and twenty days* in jail, and she was fined *$17*. The said plaintiff then moved the court to set aside the said verdict as contrary to the law and the evidence; which motion the court overruled, and rendered judgment in accordance therewith; and having moved the court to quash the warrant and judgment of the justice, upon the ground that the extent of the magistrate's jurisdiction was that of an examining justice, and that the judgment was *coram non judice*, and null and void, and this motion being overruled, and the defendant having duly excepted on that ground, she thereupon applied for a writ of error and *supersedeas* to the circuit court, which was granted. The circuit court, at the hearing in that court, affirmed the judment *pro forma*, as is stated by the said court. Whereupon the case was brought here by writ of error and *supersedeas*, which was awarded by one of the judges of this court. There is no insistance in this court that the evidence did not warrant the verdict of the jury, which it plainly did. But the contention is that the constitutional right of trial by jury of the plaintiff in error has been denied. It cannot be alleged that there was no trial by jury, that being admitted, and the first error assigned is that the trial court erred in not setting aside the verdict of the jury as contrary to the law and the evidence.

But the complaint is that, although there *was* a trial by jury

in the county court, as if the accused had been indicted in that court, yet there had been before that a trial before a justice of the peace, who had convicted the said accused, and sentenced her to jail for six months and to pay a fine of $100. And notwithstanding this judgment of the justice had been disregarded by the jury, and a milder judgment rendered of imprisonment for one month and twenty days, and to pay a fine of $17, yet she had been prejudiced as to her constitutional right to a trial by jury by having had this judgment rendered against her, which had been annulled, as stated. And this contention has been sustained by the opinion of the majority; but I am of opinion that, whether this offence be of the petty misdemeanor class to which the trial by jury attaches or not (a question which it is not necessary to consider in this case), there has been no denial of the right to a trial by jury in this case, nor has that right been in any way nor in any degree abridged.

The record shows that the trial by jury in this case has been recognized, and not denied, but fully enjoyed in the mode prescribed by the law-making power, and that the accused has been tried by a jury in the same manner as if she had been indicted in the court where the trial was had. The Constitution of Virginia (the Constitution of the United States does not concern this question) does not provide in what court nor how this trial by jury shall be had and enjoyed. All that is left to the legislature, which, by section 4107, has provided for an appeal of right upon conviction under the section preceding section 4106, and, by section 4108, provides that " the appeal shall be tried without formal pleadings in writing, and the accused shall be entitled to trial by jury in the same manner as if he had been indicted for the offence in said court."

It is contended successfully here, however, that, although there was a trial by jury in the said county court having jurisdiction of the offence by law in the same manner as if the accused had been indicted in that court, yet the trial by jury was not in the first instance, and only after the said prelimina-

ries, and that the trial by jury guaranteed by our Constitution was not therefore enjoyed. By our Constitution—Article V, section 1—" the legislative power of this commonwealth shall be vested in a general assembly, which shall consist of a senate and house of delegates"; and whatever legislation shall be enacted by that body not in conflict with the constitution is valid and binding, whether the constitution shall have expressly granted the power to so enact or not, as our legislature does not exercise granted powers, but is the supreme law-making power, limited only by what is forbidden in the constitution. The method, manner, the procedure, by which jury trials shall be held depend upon the directions and prescriptions of the legislature. The preliminaries have never been held to abridge but to maintain the liberties of the citizen, and they are intended to the latter end.

A casual inspection of our legislation in the past will show that there never has been a time in the history of Virginia when there were no preliminaries. We have had committing justices, who sent on for examination before the examining court of magistrates, whose duty was to acquit—discharge— unless there was probable cause to believe the accused should be charged with the offence. If the examining court found that there was probable cause, the accused was sent on to the circuit court, and there tried by a jury; if discharged by the examining court on the merits, the prosecution was ended and barred; if acquitted by the jury, this was the effect. If, when the jury came to the trial of the accused, they had before them the judgment of the justices who had refused to discharge, but had sent on for trial, was the accused denied the untrammelled right to trial by jury? Not more so than under the present law. The magistrate may now discharge or convict, not convict finally by judgment irreversible, except for error, and not final, *however right*, unless the accused consent that it shall be so, and waive his right to trial by jury, and decline to ask for it, for this is the effect of the appeal of right. If he desires

that the judgment shall be overturned, it is done, and he goes to the jury, to be tried by that body as if he had been indicted in the court which empanneled them, and yet we are told that his right to a trial by jury has been impaired, and that the law of Virginia is unconstitutional.

This is a question as to the mode of procedure in the state courts, and we do not look therefore to the Constitution of the United States upon such a question, except so far as the question of due process of law is concerned, it being there provided (amend. Art. XIV, § 1): "Nor shall any state deprive any person of life, liberty or property without due process of law." And this requirement of the constitution is met, if the trial is had according to the settled course of judicial proceedings. Due process of law is process due according to the law of the land. This process in the states is regulated by the law of the state. Waite C. J., in *Walker* v. *Sauvinet*, 92 U. S. 90, 93, citing *Murray* v. *Hoboken, L. & I. Co.* 18 How. 281. The provision as to jury trials in the United States Constitution relate to trials in Federal courts only. *Id.* and *Edwards* v. *Elliott*, 21 Wall. 557. The states are left to regulate trials in their own courts in their own way. A trial by jury in suits at common law pending in the state courts is not, therefore, a privilege or immunity of national citizenship. A state cannot deprive a citizen of his property (and *a fortiori* of his life or liberty) without due process of law; but this does not necessarily imply that all trials in the state courts affecting the property of persons must be by jury. Opinion of Waite, C. J., *supra*.

The question here is, however, not whether the Federal Constitution has been violated, but whether the act of assembly, under consideration, is in violation of the Virginia Constitution.

Mr. Bishop, in his work on Criminal Procedure, says: "This constitutional right must necessarily, in some degree, be under legislative regulation and control, though *the substance* of it cannot be impaired. Thus: Appeal to jury.—Providing preliminary steps to a jury trial is not unconstitutional, as if a

statute directs a trial without jury, and then permits to con-
victed defendants an unobstructed appeal to a court proceeding
*de novo* by jury, it does not violate the constitution by erecting
this vestibule to pass through to the jury beyond." Citing 25
Conn., 278; 7 Md., 500; 1 Binn., 416 ; *Biddle* v. *Com'th*, 13 S.
& R. 405, &c.

If, on the other hand, one does not choose to appeal, or to
prosecute his appeal after it is taken, he waives his right to a
jury trial. *Com'th* v. *Whitney*, 108 Mass. 5 ; *People* v. *Goodwin*,
5 Wend. 251 ; *The State* v. *Larger*, 45 Miss. 510.

This is my opinion, and I might cite authorities without
practical limit to sustain it, and I have not found, nor do I
think there is, an authority cited *which applies*, and is to the
contrary.

I therefore dissent from the opinion of the majority of the
court. The case having been heard before four judges only,
it ought to be reheard before a full court, and upon fuller
argument.

## ADDENDUM :

The case has been reheard before a full court and upon full
argument, and the opinion of the majority of the court remains
unchanged. This Virginia statute is again with emphasis
declared unconstitutional, null and void for such repugnancy.

With all proper deference for the views of others, I am of
opinion that the act in question is violative of no provision of
the constitution. My views on the question have been strength-
ened by a further consideration and by the able argument of
the learned attorney-general of the commonwealth, which
appears to me to be conclusive of the question involved.
From which it is made clear that the text writers and the
decisions of the courts of last resort of the states, are in accord
on the question. I cited in my dissenting opinion, at the first
hearing, Mr. Bishop, in his work on Criminal Procedure, Vol.
1, § 893. I now add : 1 Dillon on Corp., § 367, saying " it is how-

ever the prevailing doctrine that although the charge or matter in the municipal or local courts be one in respect of which the party is entitled to trial by jury, yet if an appeal clogged by no unreasonable restrictions, he can have such trial *as matter of right* in the appellate court, this is sufficient and his constitutional right to a jury trial is not invaded by the summary proceeding in the first instance."   Bishop on Stat. Crim., § 86; *Johnson's Case,* Greenleaf's Report, 230.   It is said in a recent work of great value, and often quoted by the courts, that " the fact that the party is not able to obtain it (trial by jury) in the inferior court is not a deprivation of the right of trial by jury, *if provision is made whereby it can be secured by an appeal by a reasonable simple procedure.*"   Am. and Eng. Enc. of Law, Vol. IV, 812, 813, citing *Wing* v. *Astoria,* 13 Oregon, 538; *Moon* v. *State,* 22 Tex., app. 538.   See, also, *Shafer* v. *Mumma,* 17 Md. 331; *State* v. *Maxey,* 1 McMullen (S. C.), 501; *Byers* v. *Commonwealth,* 42 Pa. St. 89; *Beers* v. *Beers,* 4 Conn. 535. See opinion of Ch. J. Shaw, *Jones* v. *Robbins,* 8 Gray (Mass.); *Mounsville* v. *Fountain,* 27 W. Va. 205.   Opinion of Green J.

This question is not of first impression in this court, as an inspection of the decisions will show.   In *Read's Case,* 24 Gratt. 618, there was a conviction before a justice for petit larceny, and the case was appealed of right, and a trial was had *de novo* in the county court before a jury, and then accused was convicted, and upon appeal here the conviction was sustained.

In *Thomas' Case,* 22 Gratt., the jurisdiction of the mayor of Lynchburg to try and convict for petit larceny, under the act to extend the jurisdiction of police justices and justices of the peace, approved March 30, 1871, was sustained in this court.

In *Wolverton* v. *Commonwealth,* 75 Va., opinion by Judge Burks, the jurisdiction of a magistrate to try and convict under the statute was sustained, the Judge saying : " It is true the justice had jurisdiction to try him for the offence, and if he found him guilty to *punish him* unless he appealed to the

county court, which he might do." In that case the justice had examined and sent on, as he had also the right to do, under that statute.

In *Harrison* v. *Commonwealth*, 81 Va. 494, in this court it was said: " The accused was entitled to an appeal as of right from the judgment of the justice to the county court without assigning errors." The appeal gave the court jurisdiction not merely to review the judgment of the justice upon the ground of error, but original jurisdiction to try the cause upon it merits, as if the justice had passed no judgment upon it." Citing *Reid's Case*, *supra.* The court was unanimous in each of the foregoing cases, so that before this case this court appears to to have been in accord with the text-writers on the subject and the prevailing line of decisions in other states. The departure here rests upon the case of *Callan* v. *Wilson*, 127 U. S. Rep. 540. That case arises under the Constitution of the United States, article 3—" the trial of all crimes, except in cases of impeachment, shall be by jury "—and was upon a conviction by the police court of the District of Columbia, and as is conceded is only persuasive and not authority in the state courts upon a question of procedure, as I have already said. The learned Justice in that case says : " The contention of the appellant is that the offence with which he is charged is a crime within the meaning of the third article of the constitution, and that he was entitled to be tried by a jury; that his trial by the police court without a jury was not due process of law within the meaning of the fifth amendment, and that the prosecution was a criminal prosecution, and under the sixth amendment he was entitled to a trial by jury." " The contention of the government is that the constitution does not require that the right of trial by jury shall be secured to the people of the District of Columbia." What this due process is, we have stated from Waite, C. J., in *Walker* v. *Sauvinet*, *supra* (92 U. S. R. 90). Sections 1073 and 773 of the Revised Statutes of the District of Columbia contain provisions similar although not identical with our

statute. It is authority upon this subject only in Federal courts, as is conceded. It must be admitted that some preliminaries, as I have said, are indispensable in order to render jury trials available. *In the first instance* if admitted in the fullest sense, and if the liberty of the accused cannot be taken away temporarily without the intervention of a jury, the reasoning will apply with equal force to arrests, examinations, commitment, and all other preliminaries.

I think the trial by jury is not invaded by the statute in question, and that the same is constitutional, and I therefore dissent from the opinion which annuls it as unconstitutional.

JUDGMENT REVERSED.