## Richmond.

### W. R. BOWEN V. COMMONWEALTH.

March 16, 1922.

Absent, West, J.

1. CRIMINAL LAW—*Jury—Right to Jury Trial—Privilege which may be Waived.*—Section 8 of the Constitution of 1902, which declares that "a man hath a right to * * * a speedy trial by an impartial jury," means that the accused has a legal claim to a jury trial; that such is his privilege, but the presence of a jury in a criminal trial is not thereby made essential to the jurisdiction of the court, as the right or privilege thus conferred may be waived.

2. CRIMINAL LAW—*Right to Jury Trial—Waiver—Failure to Demand Jury.*—Where a jury may be waived by the accused, such waiver may be by a failure on the part of the accused to demand a jury.

3. CRIMINAL LAW—*Right to Jury Trial—Misdemeanors.*—Under section 8 of the Constitution of 1902, the guaranty of the right to a jury trial applies to misdemeanors as well as to felonies.

4. CRIMINAL LAW—*Right to Jury Trial—Misdemeanors—Waiver.*— A person on trial for misdemeanor may waive all irregularities as to the manner in which the jury is organized and constituted, especially where such waiver is provided for by statute.

5. CRIMINAL LAW—*Waiver—Jurisdiction.*—The accused may waive any matter of form or substance, excepting only what may relate to the jurisdiction of the court.

6. CRIMINAL LAW—*Jury—Waiver—Misdemeanor—Trial by Jury of Seven Instead of Jury of Five.*—Code of 1919, section 4895, provides that no irregularity in impaneling of jurors shall be cause for setting aside a verdict or granting a new trial, unless objection thereto specifically pointed out was made before the jury was sworn; and unless such irregularity was intentional or such as to probably cause injustice. In the instant case, a prosecution for a misdemeanor, accused was tried by a jury of seven instead of five. No exception was noted at the trial and there was no challenge to any individual juror, or to the jury as a whole.

*Held:* That the accused was not entitled to a new trial because of
such irregularity.

7. JURY—*"Impaneled."*—A jury is "impaneled" in a legal sense—
certainly in one of the senses in which that term is correctly
used in American practice—when it is ready to try the case.

8. CRIMINAL LAW—*Irregularity—Objection on Part of Accused.*—A
prisoner on trial, under our laws, has no right to stand by and
suffer irregular proceedings to take place, and then ask to have
the proceedings reversed on account of such irregularities.

Error to a judgment of the Corporation Court of the
city of Buena Vista.

*Affirmed.*

The opinion states the case.

*John Dabney Smith,* for the plaintiff in error.

*John R. Saunders, Attorney General; J. D. Hank, Jr.,
Assistant Attorney General,* and *Leon M. Bazile, Second
Assistant Attorney General,* for the Commonwealth.

KELLY, P., delivered the opinion of the court.

The defendant, W. R. Bowen, was arrested and tried by
the mayor of the city of Buena Vista upon a warrant charg-
ing him with the larceny of certain brass pipes, valves and
other brass articles, of the value of thirty-five dollars, and
was sentenced to serve a term of six months on the State
convict road force. From that sentence he appealed to
the corporation court, where he was tried by a jury, found
guilty, and again sentenced to six months' imprisonment.

The sole ground on which we are asked to reverse the
judgment is that the defendant was tried by a jury of seven
instead of five, the latter being the number provided for in
such a case by section 4927 of the Code.

The record shows that the court impanelled a jury of
seven men, "who being elected, tried and sworn to well and

truly say, and a true verdict render, between the Commonwealth and the accused according to law and the evidence," returned the verdict above indicated; and that the defendant moved the court to set the same aside as contrary to the law and the evidence, which motion the court overruled. No grounds whatever for the motion were stated. No exceptions of any kind were noted at the trial. There was no challenge as to any individual juror or as to the jury as a whole. The evidence was not certified, and the foregoing recital contains the substance of the entire record before us.

Section 8 of the Virginia Constitution, so far as material here, provides as follows:

"That in all criminal prosecutions a man hath a right to * * * a speedy trial by an impartial jury of his vicinage, without whose unanimous consent he cannot be found guilty; provided, however, that * * * in a prosecution for an offense not punishable by death, or confinement in the penitentiary, upon a plea of not guilty, with the consent of the accused, given in person, and of the attorney for the Commonwealth, both entered of record, the court, in its discretion, may hear and determine the case, without the intervention of a jury; and that the General Assembly may provide for the trial of offenses not punishable by death or confinement in the penitentiary, by a justice of the peace, without a jury, preserving in all such cases the right of the accused to an appeal to and trial by jury in the circuit or corporation court; and may also provide for juries consisting of less than twelve, but not less than five, for the trial of offenses not punishable by death, or confinement in the penitentiary, and may classify such cases and prescribe the number of jurors for each class."

Section 4927 of the Code of 1919 provides, among other things, that "seven jurors shall constitute a panel in the

trial of misdemeanors, but the jury therefor shall be composed of five."

Section 4895 of the Code provides that "no irregularity in any writ of *venire facias,* or in the drawing, summoning, returning or impanelling of jurors  *  *  *  shall be cause  *  *  *  for setting aside a verdict or granting a new trial, unless objection thereto specifically pointed out, was made before the jury was sworn, and unless it appears that such irregularity, or error,  *  *  *  was intentional or such as to probably cause injustice to the Commonwealth or to the accused."

[1] In *Brown* v. *Epps,* 91 Va. 726, 21 S. E. 119, 27 L. R. A. 676, this court (overruling *Miller* v. *Commonwealth,* 88 Va. 618, 14 S. E. 161, 342, 979, 15 L. R. A. 441) questioned whether the constitutional right to a jury trial was intended to apply to misdemeanors; but, leaving that question open, expressly decided that Article I, section 10 of the Virginia Constitution (Bill of Rights), adopted in 1869, declaring (like section 8 of the present Constitution) "that a man hath a right to a speedy trial by an impartial jury," means that the accused has a *legal claim* to a jury trial—that such is his *privilege*—but that the presence of a jury in a criminal trial is not thereby made essential to the jurisdiction of the court, and that the right or privilege thus conferred may be waived.    Distinguishing the above-cited section of the Virginia Bill of Rights from Article III, section 2, clause 3, of the United States Constitution, and from the sixth amendment thereto, Judge Keith, in *Brown* v. *Epps, supra,* said: "The language of our Bill of Rights differs from each and both of these provisions.    It does not declare that 'the trial of *all* criminals *shall be* by jury'; it does not declare that 'the accused *shall* enjoy the right to a trial by an impartial jury,' but its language is 'that a man hath a right to a speedy trial by an impartial jury'; that is, he has a legal claim to a trial by a jury.    A trial by a jury

is his privilege. The existence of the presence of a jury is not made a jurisdictional fact, without which a court is not duly organized for the trial of criminals, as is the case in all courts of the United States."

Both in *Miller* v. *Commonwealth, supra,* and *Brown* v. *Epps, supra,* it was held that the General Assembly could validly provide for waiver of a jury trial by the accused in a misdemeanor case.

In *Schick* v. *United States,* 195 U. S. 65, 72, 24 Sup. Ct. 826, 828, 49 Law Ed. 99, 103 (1 Ann. Cas. 585), Mr. Justice Brewer, delivering the opinion of the court, said: "Where there is no constitutional or statutory mandate, and no public policy prohibiting, an accused may waive any privilege which he is given the right to enjoy. Authorities in the State courts are in harmony with this thought. In *Com.* v. *Dailey,* 12 Cush. 80, the defendant in a misdemeanor case waived his right to a full panel, and consented to be tried by eleven jurors; and this action was sustained by the Supreme Court of Massachusetts. Chief Justice Shaw, delivering the opinion of the court, said (p. 83): 'He may waive any matter of form or substance, except only what may relate to the jurisdiction of the court.' The same doctrine was laid down in *Murphy* v. *Com.,* 1 Met. (Ky.) 365; *Tyra* v. *Com.,* 2 Met. (Ky.) 1; and in *State* v. *Kaufman,* 51 Ia. 578, 33 Am. Rep. 148, 2 N. W. 275. In *Connelly* v. *State,* 60 Ala. 89, 31 Am. Rep. 34, a statute authorizing the waiver of a jury was sustained. The same rule was made in *State* v. *Worden,* 46 Conn. 349, 33 Am. Rep. 27, which was a case of felony. See also *People* v. *Rathbun,* 21 Wend. 509, 542."

[2] In the note found in 9 Ann. Cas. 263, citing numerous cases, it is said: "In jurisdictions wherein it is held that a jury may be waived by the accused, such waiver may be by a failure on the part of the accused to demand a jury."

We have referred to the foregoing authorities not be-

cause we have regarded them, so far as they relate to the waiver of a jury trial, as being directly in point here, but to show how far the courts generally have gone in recognizing the power of a defendant to make, and the power of the trial court to enforce, the waiver of a right or privilege on the part of the accused when the enjoyment of such right or privilege is not a fact essential to the court's jurisdiction.

[3, 4] It is unquestionably true that under section 8 of the present Constitution in Virginia there can no longer be any doubt that the guarantee of the right to a jury trial applies to misdemeanors as well as to felonies; and it may plausibly be argued that the presence of a jury in any criminal trial in a court of record is now, by reason of the terms of that section, essential to the jurisdiction, unless waived in the precise manner therein prescribed. Whether such an argument be sound, especially where, as here, the case does not originate in a court of record, but is first tried by a magistrate or police justice, we need not decide, because that question is not before us. But there is certainly nothing in the constitutional provision under consideration to warrant the view that a person on trial for a misdemeanor may not waive all irregularities as to the manner in which the jury is organized and constituted, especially where such waiver is provided for by statute.

[5] The reasoning of the above authorities and the common-sense view of the question would seem to lead inevitably to this conclusion. The proposition asserted by Chief Justice Shaw, quoted by Mr. Justice Brewer in the *Schick Case,* *supra,* that the accused "may waive any matter of form or substance, excepting only what may relate to the jurisdiction of the court," is undoubtedly a sensible and sound proposition, supported by the great weight of authority.

[6-8] The waiver of precisely such an irregularity as the defendant here complains of is provided for by section 4895

of the Code, which expressly declares that "no irregularity in * * * impanelling of jurors * * * shall be cause * * * for setting aside a verdict or granting a new trial, unless objection thereto specifically pointed out was made before the jury was sworn; or unless it appears that such irregularity * * * was intentional, or such as to probably cause injustice to the Commonwealth or to the accused." A jury is "impanelled" in a legal sense—certainly in one of the senses in which that term is correctly used in American practice—when it is ready to try the case. Whart. Cr. Law, sec. 590; 1 Rapalje & Lawrence Law Dict. 627; 4 Words and Phrases 3417; *State* v. *Ostrander,* 18 Ia. 446; *State* v. *Hurst,* 123 Mo. App. 39, 99 S. W. 820. The irregularity in impanelling the jury in this case was not objected to either specifically or in any way, and there is nothing to indicate the slightest injustice or prejudice to the prisoner. He was tried by a jury of seven instead of five, but, so far as the record shows, the seven were all free from exception, and, in view of this fact, it would seem that instead of having been prejudiced by a larger number of jurors than the law required, he was presumably given an advantage by the larger number. At common law, the right to a jury trial meant the right to be tried by a jury of twelve, and when the Virginia Constitution reduced the number from twelve to five, the provision was not an enlargement, but a restriction, of the common law right. It is fair to say, therefore, that instead of getting less, the defendant got more than he was entitled to when he was tried by a jury of seven qualified and impartial jurors.

In *McCue* v. *Commonwealth,* 103 Va. 870, 1006, 49 S. E. 623, Judge Keith, in an opinion refusing a writ of error to a sentence of death, quoted with approval the following from *McKinney* v. *People,* 2 Gilman (Ill.) 540, 43 Am. Dec. 65: "A prisoner on trial under our laws has no right to stand by and suffer irregular proceedings to take place, and then ask

to have the proceedings reversed on account of such irregularities. The law, by furnishing him with counsel to defend him, has placed him on the same platform with all other defendants, and if he neglects in proper time to insist upon his rights, he waives them."

To award a new trial to this defendant, who brings to us a skeleton record showing no irregularity in his conviction, save the fact that he was tried by seven jurors instead of five, would be stretching the constitutional and statutory guarantees upon which he relies to an unreasonable extent, and would be little, if any, short of trifling with justice.

No error is shown in the record, and the judgment complained of is affirmed.

*Affirmed.*