Lomax, J.
delivered the opinion of the Court.
It is abundantly clear that the mere breaking and entering the close of another, though in contemplation of law a trespass committed vi et armis, is only a civil injury to be redressed by action; and cannot be treated as a misdemeanor to be vindicated by indictment or public prosecution. But when it is attended by circumstances constituting a breach of the peace, such as entering the dwelling house with offensive weapons, in a manner to cause terror and alarm to the family and inmates of the house, the trespass is heightened into a public offence, and becomes the subject of a criminal Íprosecution. The case of Rex v. Storr, 3 Burr. R. 1698, and Rex v. Bathurst, which was cited in that case, establish and illustrate both of these principles. Three of the indictments in that case were quashed, because they amounted merely to trespass vi et armis. But as to the fourth indictment, which was for entering a dwelling house vi et armis, and with strong hand, the objection to that indictment was given up by the counsel for the defendant, and the prosecution for that offence was sustained, whilst the three first indictments were ordered by the Court to be quashed. From what was said in those cases, the circumstance that the place where the entry is made is a dwelling house, as reason would suggest, and the peace of those abiding under the sanctity of their home and the security of their castle, would strongly require, is a most important circumstance to be taken into consideration in the aggravation *711 of trespass quare clausum fregit into a misdemeanor; as is also the circumstance that the entry was made with fire arms or other offensive or dangerous weapons. The facts, as disclosed in this record for the purpose of sustaining the motion for a new trial, shew a trespass most aggravated in both of these circumstances; as also in the destruction of animals within the personal and domestic protection of the owners of the dwelling house, and the alarm and dismay and other evils which the violence occasioned to the unprotected females of the family. No trespass could be aggravated beyond the wrongs of a private injury and swell into the magnitude of a crime against the public peace, if the facts stated in the record do not amount to a misdemeanor. Therefore the motion for a new trial was properly overruled. It is hardly less clear, that the frame of the indictment, in its charges of the circumstances accompanying the trespass, is sufficient to maintain the prosecution. Wherefore the errors in arrest of judgment were also properly overruled. The judgment of the Circuit court should be affirmed.