# CRIMINAL CASES.

## Richmond.

### JERNIGAN v. COMMONWEALTH.

#### December 7, 1905.

1. CRIME DISTINGUISHED FROM TORT—*Unlawful Fishing—Code, Sec. 2071.*—An act forbidden by a public statute, punishable by a proceeding in the name and for the benefit of the State, and, if the judgment is not satisfied, by confinement in jail, is a crime and not a mere tort; and, being a crime, the defendant upon conviction by a Justice is entitled to an appeal. Unlawful fishing in private waters, in contravention of Code, Sec. 2071, is a misdemeanor.

Error to a judgment of the Circuit Court of Princess Anne county, dismissing an appeal from the judgment of a justice of the peace.

*Reversed.*

The opinion states the case.

*J. M. Keeling* and *N. T. Green,* for the plaintiff in error.

*Attorney-General Wm. A. Anderson,* for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

The plaintiff in error was arrested upon a warrant issued by a justice of the peace, for committing a wilful trespass by going upon and fishing in waters on lands owned by one Bradford, in violation of section 2071 of the Code.

Upon a hearing of the case he was found guilty and fined five dollars and the costs. From this judgment he appealed to the Circuit Court. Upon motion of the attorney for the Commonwealth, that court dismissed the appeal, upon the ground that it did not have jurisdiction of the case. To that judgment this writ of error was awarded.

By section 2071 of the Code it is provided, among other things, that if any one, without the consent of the owner or tenant, fish in the waters on another's land lying east of the Blue Ridge, he shall be guilty of a trespass, and upon conviction thereof shall be fined not less than five nor more than fifty dollars, and in addition thereto shall be liable for damages.

By section 2073 it is provided, that every person violating either of the two preceding sections may be arrested and held to await judgment; that the offender shall be carried before a justice in the county in which the offence was committed, who shall proceed to try the case and give judgment thereon. If judgment be rendered against the offender, it shall be for the forfeitures, pecuniary and otherwise, and the costs and expenses incurred; and if the offender does not satisfy the judgment in full, the justice shall commit him to jail for one month, unless satisfaction be sooner made.

By clause 8, sec. 2070b, in the same chapter of the Code, it is provided that all fines and penalties imposed or collected under the provisions of that chapter (95) shall be paid to the Commonwealth.

It is conceded by the accused that if the proceeding against him was a civil proceeding the Circuit Court had no jurisdiction of his appeal, as the judgment against him did not exceed ten dollars. (Sec. 2947, Va. Code, 1904). But his contention is that the proceeding against him was a criminal proceeding, and that under the provisions of sections 4106 and 4107 of the Code, he has the right of appeal.

Whether a proceeding is civil or criminal is sometimes difficult to determine. At common law the mere going upon another's land was a civil injury but not a crime, (*Henderson's Case,* 7 Gratt. 708, 710, 56 Am. Dec. 160) ; and if the offense with which the accused was charged and convicted is criminal, it is because it is made so by statute.

Mr. Bishop, in discussing the difference between pubic and private wrongs, says, that "Whenever, therefore, the public deems an act of private wrong as of a nature requiring the public protection for the individual, it makes the act punishable at its own suit; or in other words, makes it a crime." 1 Bish. New Crim. Law, sec. 233.

Judge Cooley, in his work on Torts, quoting with approval from Austin's Jurisprudence, says: "An offense which is pursued at the discretion of the injured party or his representative is a civil injury. An offense which is pursued by the sovereign or the subordinate of the sovereign is a crime." Cooley, on Torts (2nd Ed.), p. 96.

It is said in 12 Cyc. 131, that the real distinction between a tort and a crime lies in the method in which it is pursued.

In a note to the case of *Reg.* v. *Page,* 3 Post. & F. 29, it is, stated, that "the distinction" (between a civil and a criminal proceeding) "taken in the most ancient and approved authorities, is not whether the crown is a party (for so it is in *mandamus* and *quo warranto*), but whether the real end or object of the proceeding is punishment or reparation." See generally as- to what is a criminal proceeding, Cooley on Torts (2nd Ed.) 94-6 ; 1 Bish. New Cr. Law, §§ 230, &c. ; *Stale* v. *Bryan,* 44 N. C. 244-5 ; *Stale* v. *McConnell,* (N. H.) 46 Atl. Rep. 458, 460 ; *U. S.* v. *Eaton,* 144 U. S. 677, 36 L. Ed. 591, 12 Sup. Ct. 764.

It would seem clear from the authorities cited that the pro-

ceeding under consideration lacks the essential elements of a civil proceeding. The act with which the accused was charged was forbidden by statute, and a fine imposed for its violation; the warrant against him, under which he was arrested, tried and convicted, was a proceeding by the Commonwealth; the penalty imposed was for her benefit; and for a failure to satisfy the judgment rendered against him the justice was not only authorized but required to commit him to jail for one month, unless the judgment was sooner paid. While the warrant was issued upon the complaint and information on oath of the tenant of the land trespassed upon, it was in no sense a proceeding for his benefit, or for the benefit of the owner of the land, and was not intended in any way to make reparation for the private injury done by the accused in going upon the land, but was intended to punish him for violating the statute forbidding the act.

We are of opinion that the proceeding was not a civil, but a criminal proceeding under a public statute; and as all offenses in this State which are not felonies are misdemeanors (Va. Code, 1904, sec. 3879), the offense for which the accused was prosecuted, found guilty and fined, was a misdemeanor, and he had the right to appeal to the Circuit Court under the provisions of sections 4106 and 4107 of the Code.

The judgment of the Circuit Court, dismissing the appeal, must therefore be reversed, and the cause remanded to be proceeded in according to law.

*Reversed.*