Opinion.

## Wytheville.

### WELLS v. COMMONWEALTH.

#### June 13, 1907.

1. CRIMINAL LAW—*Misdemeanors—Sunday Laws.*—The violation of the Sabbath law as contained in Section 3799 of the Code is not a misdemeanor, and the forfeiture imposed therefor is recoverable only by a civil warrant, and not by a criminal warrant against the offender. The fact that this section is contained in a chapter of the Code which treats of "offenses against morality and decency" does not indicate that its breach is a misdemeanor. The mere collocation of a statute is not a conclusive test of its character.

Error to a judgment of the Circuit Court of Henrico county. The defendant was president of the Richmond Amusement Corporation, and was arrested, tried and convicted for giving a performance on Sunday.

                                                          *Reversed.*

The opinion states the case.

*Wyndham R. Meredith,* for the plaintiff in error.

*Robert Catlett, Assistant to Attorney-General,* for the commonwealth.

WHITTLE, J., delivered the opinion of the court.

. The plaintiff in error, Jake Wells, was arrested, tried, convicted and fined $2.00 and costs of prosecution upon a criminal warrant issued by a justice of the peace under section 3799, Va.

Code, 1904, for a violation of the Sabbath day. On appeal to the circuit court of Henrico county, the conviction was sustained, and the case is before us on writ of error to the judgment of affirmance.

The initial assignment of error, indeed the only assignment which demands our attention, questions the correctness of the trial court's action in overruling the motion of the plaintiff in error to quash the warrant, on the ground that the forfeiture imposed by the statute can only be recovered by civil warrant. The contention involves the construction of section 3799. If a violation of that act constitutes a misdemeanor, a justice of the peace has jurisdiction to issue a criminal warrant against the offender, and upon conviction to enforce payment of the fine imposed in the mode prescribed by section 717. If, on the other hand, a breach of the statute is not a misdemeanor, the forfeiture can only be recovered by civil warrant.

The section is as follows: "If a person on the Sabbath day be found laboring at any trade or calling, or employ his apprentices or servants in labor or other business, except in household or other work of necessity or charity, he shall forfeit two dollars for each offence. * * * From any judgment rendered under this section, the right of appeal shall lie to the defendant within ten days, to the corporation or hustings court of the city, or to the circuit court of the county wherein said judgment is rendered; and when taken shall be proceeded in as appeals in misdemeanor cases."

It will be observed that the statute does not in terms declare that a violation of its provisions shall be a misdemeanor. In fact, the contrary intention is to be inferred both from the provisions and phraseology of the enactment. Thus, if the violation of the act were a misdemeanor, the allowance of an appeal would be unnecessary, since the right of the accused to an appeal in such case is guaranteed by section 8 of the constitution of Virginia and by general statute, section 4107.

Again, the appeal is from "any judgment" rendered under the section, language applicable to a civil case rather than to a misdemeanor, where the term "conviction" would be more apposite. So also, it is provided in the last paragraph of the section, that the appeal "shall be proceeded in as appeals in misdemeanor cases," which expression would not only be inappropriate if applied to a misdemeanor, but moreover indicates a conscious knowledge on the part of the legislature that the accused already has the right of appeal in that class of cases.

From this analysis of the statute, we conclude that a violation of the Sabbath law, as set forth in section 3799, cannot be held to be a misdemeanor.

Assuming that the forfeiture is a "fine," within the meaning of section 745, let us next examine the mode prescribed for its collection.

Section 712 provides, that "Where any statute imposes a fine, unless it be otherwise expressly provided, or would be inconsistent with the manifest intention of the General Assembly, it shall be to the commonwealth and recoverable by presentment, indictment or information. Where a fine without corporal punishment is prescribed, the same may be recovered, if limited to an amount not exceeding twenty dollars, by warrant, and if not so limited, by action of debt, or action on the case, or by motion. The proceeding shall be in the name of the commonwealth."

Section 3983 devolves upon the grand jury the duty of presenting all felonies, misdemeanors, and violations of penal statutes; "except that no presentment shall be made of a matter for which there is no corporal punishment, but only a fine, where the fine is limited to an amount not exceeding five dollars." And section 3904 declares, "that no fine shall be assessed by a jury, or court, at less than five dollars, or by a justice at less than two dollars and fifty cents, unless otherwise provided by law."

These enactments make it clear that the forfeiture in this

case is not recoverable by presentment, indictment or information, under section 712; while the latter paragraph of the section in terms provides for its recovery *by warrant*. Applying the rule of *noscitur a sociis*, the term "warrant" in the connection in which it occurs means civil warrant.

"It is a fundamental principle in the construction of statutes, that the meaning of a word or phrase may be ascertained by reference to the meaning of other words or phrases with which it is associated." 26 Am. & Eng. Enc. L., 608; *O. & A. R. Co.* v. *Alexandria,* 17 Gratt. 176; *Gates* v. *Richmond,* 103 Va. 702, 705, 49 S. E. 965.

This construction of the act is also conformable to section 2939, which provides for the recovery by civil warrant of fines not exceeding twenty dollars.

The learned annotator of the Code, in a note to section 3799, observes: "The fine prescribed is recoverable before a justice and by civil warrant." The enactment is similarly construed in Mayo's Guide (ed. 1892) 616, where it is said: "The offense of working on the Sabbath day is within the jurisdiction of a justice to try and should be proceeded against by summons." So, at page 410, it is said: "In addition to this general provision, section 2939, a justice has jurisdiction as by warrant or summons in the nature of a civil proceeding for the enforcement and recovery of fine of $20.00 and less, under sections 712 and 713 of the Code. It is plain from these sections, that in a proceeding to recover a fine not exceeding $20.00, the justice can only proceed by a summons to appear, and not by warrant of arrest. It may be well to call the attention of the justice to the distinction to be observed here, that where the fine imposed for a violation of a statute does not exceed $20.00, and no corporal punishment is or may be added, his only jurisdiction is to proceed by a summons to appear."

Two decisions of this court are invoked by the attorney-general to sustain the judgment under review: *Ex parte Marx,* 86

Va. 43, 9 S. E. 475, and *Jernigan's Case,* 104 Va. 850, 52 S. E. 361.   In the former case, the proceeding was by civil warrant to recover the forfeiture for a violation of the Sabbath; therefore, the statement that the penalty might also have been recovered by warrant of arrest was not necessary to the decision of the case; and the common law rule, as set forth in the opinion, is, as we have seen, modified by statute.   The latter case arose under an act which in terms provides for the arrest and commitment of the offender unless and until the fine and costs are paid, and is therefore not in point.

The sections of the Code to which we have already referred prescribe the mode of procedure for the recovery of the forfeiture imposed by section 3799 by civil warrant, and afford no authority in such case for proceeding by warrant of arrest.

It may be observed that the inference that might otherwise be drawn from the history of legislation against Sabbath-breaking, that a violation of section 3799 is a misdemeanor, loses its significance in light of the legislative intention plainly manifested by the language of the enactment and kindred statutes to which attention has been called.

Nor does the circumstance that the section is found in chapter 185, which treats of "offences against morality and decency," indicate that its breach is a misdemeanor.   It is a penal statute, passed in the interest of good morals, and is therefore appropriately classified.   But if such were not the fact, this court has repeatedly held, that mere collocation of a statute is no conclusive test of its character.   *City of Danville* v. *Hatcher,* 101 Va. 523, 535, 44 S. E. 723; *Litton's Case,* 101 Va. 833, 847, 44 S. E. 923.

For these reasons, the judgment must be reversed; and this court will proceed to enter such judgment as the circuit court ought to have rendered, and sustain the motion of the plaintiff in error to quash the warrant.

BUCHANAN, J., (dissenting.)

I cannot concur in the opinion of the court, that a violation of section 3799 of the Code of 1904 is not a misdemeanor. To reach that conclusion it is necessary to hold that a violation of that section is not a criminal offense, for all offenses which are not felonies are misdemeanors. Code, sec. 3879. Minor's Crimes & Punishments, p. 17.

The statute prohibits Sunday work with certain exceptions, and imposes a penalty for its violation for the benefit of the state, thus possessing the essential elements of a criminal statute. *Jernigan's Case,* 104 Va. 850, 52 S. E. 361 and authorities cited.

The history of the legislation on the subject I think shows that the statute is a part of the criminal law of the state, and its violation a misdemeanor.

In the year 1779 an act was passed, entitled "An act for punishing disturbers of religious worship and Sabbath breakers," by which it was provided, among other things, that "If any person on the Sabbath day shall himself be found laboring at his own or any other trade or calling, or shall employ his apprentices, servants or slaves in labor of other business, except it be in the ordinary household offices of daily necessity, or other work of necessity or charity, he shall forfeit the sum of ten. shillings for every such offence, deeming every apprentice, servant or slave so employed and every day he shall be so employed as constituting a distinct offence." 12 Hening's Stat. at Large, pp. 286-7.

In the year 1792 it was re-enacted as section 5 of an act, entitled "An act for the suppression of vice and punishing disturbers of religious worship and Sabbath breakers." See Continuation of Hening's Stat. at Large, Vol. 1, p. 192-3. The statute as amended was carried into the Code of 1819 (Code, 1819, Ch. 441, sec. 5, pp. 554-5), and was in force when Prof.

Davis published his work on "Criminal Law" in 1838. He understood the statute to be a part of the criminal law of the state, and that a violation of it was a misdemeanor, and so treated it in Ch. 21 of his work, under the head of "Misdemeanors Affecting the Public Police and Economy," pages 303-343.

Without material change, that statute was carried into the "Criminal Code" of the state, passed March 14, 1848, (Acts 1847-8, pp. 93, 94, 110, 112), which afterwards became a part of the code of 1849, under the general title of "Crimes and Punishments," page 722, and is in the chapter entitled "Of Offences against Morality and Decency." Code, 1849, ch. 196, sec. 16. In the revision of the criminal laws of the state by the act approved March 14, 1878, and in the Code of 1887; the section is found under the same general title (acts 1877-8, p. 279; Code, 1887, p. 877), and in the chapter entitled "Of Offences against Morality and Decency and the Protection of Religious Meetings," acts 1877-8, pp. 301, 304. Code, 1887, ch. 185, sec. 3799, pp. 898, 900.

In making their revision, the revisors were directed to arrange all the statutes under appropriate titles and chapters. Acts 1883-4, pp. 702-3; Preface to code of 1849, p. VII. It is clear, as it seems to me, from the titles under which and the chapters in which the Sunday statute is found, that the revisors of both codes, who were very learned lawyers, understood that statute to be a part of the criminal law of the state. That these titles, chapters and tables of contents may be looked to as showing the cotemporaneous construction of the code by the revisors when engaged in their work, see *Shumate* v. *Com'th,* 15 Gratt. 653, 658. If they had not so thought, it would have been their duty to have placed the statute under some other title and in some other chapter of their work. Professor Minor, in his work on Criminal Law, so construed the statute and was of

opinion that a violation of it was a misdemeanor. Min. Syn. of Cr. Law (1894), pp. 183-4.

The statute on the subject in force in the state of West Virginia for many years was taken from our statute, and was substantially the same as that found in the codes of 1849 and 1887. Its violation in that state was regarded as a misdemeanor, and offenders were punished accordingly. *State* v. *B. & O. R. Co.,* 15 W. Va. 362, 370, 36 Am. Rep. 803; *State* v. *Railroad Co.,* 24 W. Va. 783, 49 Am. Rep. 290; *State* v. *McBee,* 52 W. Va. 257, 43 S. E. 121, 60 L. R. A. 638.

In the case of *Ex Parte Marx,* 86 Va. 40, 9 S. E. 475, although not necessary, perhaps, to a decision of the case, the violation of the statute was held to be an offense for which the accused could be arrested on a criminal warrant.

By an act approved March 2, 1904, (Acts 1904, p. 79), section 3799, as found in the code of 1887 and as it had existed substantially from 1779, was amended by having added to it the following words: "From any judgment rendered under this section, the right of appeal shall lie to the defendant within ten days, to the corporation or hustings court of the city, or to the circuit court of the county wherein said judgment is rendered, and when taken shall be proceeded in as appeals in misdemeanor cases."

If section 3799, prior to that amendment, was a part of the criminal law of the state, and its violation a misdemeanor, as I, think I have shown it was, did that amendment change its character and render its violation no longer a misdemeanor? It is true, as stated in the opinion of the court in discussing the section as amended, that it does not in terms declare that a violation of the section is a misdemeanor. Many statutes whose violations are admittedly misdemeanors, do not in terms so declare. But that is not necessary. If an offence be punishable by fine or imprisonment, or both, it is thereby constituted a misdemeanor in the absence of such designation. Davis Cr.

Law, 223. The violation of sections 3787, 3789, 3792, 3796b, 3797, 3798, 3801 and 3803a of the same chapter are not declared in terms to be misdemeanors, yet there can be no question that they are.

If section 3799, as amended, was an entirely new provision in our law, there would be much force in the view expressed in the opinion of the court that its violation was not a misdemeanor; but when the amendment made is read in the light of the history of the legislation on the subject, it seems to me clear, with all deference to the majority of the court, that the amendment cannot be construed to have the effect of converting a criminal offense into civil wrong, when the object of the amendment, as stated in the title to the act, was merely to give the defendant the right of appeal.

If the defendant was prosecuted criminally for violating section 3799, the right of appeal, including the right of trial by jury, was given him by sections 4106, 4107 of the Code of 1904; but if the proceeding against him to recover the fine was by civil warrant, under the provisions of sections 712 or 2939, there was no right of appeal, because the judgment against him, exclusive of interest, would not amount to as much as ten dollars. The object of the amendment to the section by the act approved March, 1904, was, as stated in the title of the act, to give the defendant the right of appeal from judgments in such cases; and the provision that the appeal should be tried as appeals in misdemeanor cases was to give the defendant the right of trial by jury. It seems to me clear that the language of section 712 shows that the civil remedy provided for by it was not to be exclusive but cumulative. It provides that where a fine without corporal punishment is prescribed, the same may be recovered, if limited to an amount not exceeding twenty dollars, by warrant, and if not so limited by action of debt, or action on the case, or by motion. There can be no question that where the fine may be more than twenty dollars it may be recovered by

either indictment, presentment or information, or it may be recovered by an action of debt or an action on the case or by motion, for the statute so declares. Where the fine cannot be over twenty dollars, it can be recovered by civil warrant, or it can be recovered in a criminal proceeding before the justice. If not, then we have this anomalous condition of things, that where a fine is imposed in a misdemeanor case which cannot exceed twenty dollars, the justice has no criminal jurisdiction of the offence, unless the offender be first indicted or presented in court and the case certified to the justice, as provided by section 4106 of the Code. This manifestly cannot be so since a justice is given exclusive original jurisdiction of all misdemeanors, by that section, except in a few cases otherwise specially provided for. Sec. 4106.

The penalty imposed for the violation of sections 3799, 3805a, 3862, 3863 and 3865 cannot exceed five dollars. In only one of them (3805a) is the offence declared in terms to be a misdemeanor. No indictment can be made for the violation of either. If the view taken by the court be correct, the violator of section 3805a alone can be prosecuted criminally, and the fine imposed for violating the other four statutes can be recovered only by a civil warrant. A conclusion which leads to such results, it seems to me, must be erroneous.

I am of opinion that there is no error in the judgment of the circuit court of the city of Richmond, and that it should be affirmed.

HARRISON, J., concurs with BUCHANAN, J.

*Reversed.*