Statement.

# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢

### RAGSDALE v. CITY OF DANVILLE

#### June 11, 1914.

1. CONSTITUTIONAL LAW—*Jury Trial—Petty Offenses—Fines Less Than Ten Dollars.*—The general course of legislation, both in England and in this country, has been for centuries to confer summary jurisdiction upon mayors and police justices of cities and towns, and justices of the peace of counties, for the trial of minor offenses. Such offenses are not regarded essentially as crimes and misdemeanors within the purview of constitutional guaranties. There are many petty offenses which are triable without a jury, because they were so tried when the constitution was adopted, and the right of trial by jury which is secured by the constitution is the right as it existed at the time the constitution was adopted. In the case at bar, the validity of the charter of the city of Danville, limiting appeals from the mayor to cases where the fine imposed exceeds ten dollars is upheld.

2. APPEAL AND ERROR—*Danville—Appeals from Mayor—Vaccination.*—An appeal from a judgment of the mayor of the city of Danville imposing a fine for the violation of a compulsory vaccination ordinance (when the case is appealable at all) lies to the corporation court of said city, and not to the circuit court, under section 2956 of the Code, as the case does not involve the constitutionality or validity of any ordinance or by-law of said city.

Error to a judgment of the Corporation Court of the city of Danville dismissing an appeal from a judgment of the mayor of said city.

*Affirmed.*

The opinion states the case.

*Scott & Buchanan, B. H. Custer* and *John L. Ingram,* for the plaintiff in error.

*E. Walton Brown,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

The mayor of the city of Danville imposed a fine of $10.00 upon the plaintiff in error, John N. Ragsdale, for the violation of a city ordinance for the prevention of the spread of small-pox, in refusing to be vaccinated. To an order of the corporation court of the city dismissing an appeal from that judgment, this writ of error was granted. After the order of dismissal, the plaintiff in error, still refusing to pay the fine, was committed by order of the mayor to the custody of the keeper of the city jail, there safely to be kept until discharged by due course of law.

In dismissing the appeal from the judgment of the mayor, the corporation court was controlled by section 7 of chapter 5 of the city charter, which declares, that "An appeal may be taken from the judgment of the mayor in imposing penalties for infraction of the city ordinances to the corporation court of the city, except in cases where the penalty imposed is a fine not exceeding ten dollars, in which case it shall be final."

We do not understand that counsel questions the power of the Commonwealth to authorize municipal corporations, in the exercise of the police power, to pass, and enforce by pecuniary forfeiture, compulsory vaccination ordinances. An instructive discussion of the subject will be found in the opinion of the late Mr. Justice Harlan, speaking for the Supreme Court of the United States, in *Henning Jacobson* v. *Commonwealth of Massachusetts,* 197 U. S. 11, 25 Sup. Ct. 358, 49 L. Ed. 643, (annotated in 3 Am & Eng. Anno. Cas. 765).

The precise contention upon this writ of error is that the offense with which the plaintiff in error is charged

is a criminal offense within the meaning of section 8, Art. I, of the Constitution of Virginia; consequently, that he had a right of appeal from the judgment of the mayor to the Corporation Court of the city of Danville, and, therefore, that the provision of section 7, chapter 5, of the city charter, limiting that right to cases where the forfeiture is in excess of $10.00, is unconstitutional.

Notwithstanding the provision of *Magna Charta* safeguarding the right of jury trial in cases involving life and liberty, and similar provisions in the Constitution of the United States and of the several States of the Union, it is matter of common knowledge that the general course of legislation in both countries has been for centuries to confer summary jurisdiction upon mayors and police justices of cities and towns and justices. of the peace of counties for the trial of minor offenses. Such offenses are not regarded essentially as crimes and misdemeanors within the purview of the constitutional guaranties referred to. 24 Cyc. 145; 2 Dillon on Mun. Corp. (5th ed.), secs. 637, 749-750; 3 McQuillan on Mun. Corp., secs. 1059-1065, inclusive.

In England the line of demarcation "is between offenses known as *pleas of the crown,* where the trial must be by jury, and petty offenses punishable by fine or amerciement in the inferior jurisdictions." 3 Dillon, sec. 750. This distinction has been fully recognized and observed by the decisions of this court.

Thus, in *Ex Parte Marx,* 86 Va. 40, it was held that the constitutional right of trial by jury did not apply to a proceeding to impose the forfeiture prescribed by section 3799 of the Code for violation of the Sabbath. That ruling was sustained by the court as at present constituted in *Wells* v. *Commonwealth,* 107 Va. 834, 57 S. E. 588.

On the other hand, in the case of *Mary Miller* v. *Com-*

*monwealth,* 88 Va. 618, 14 S. E. 161, 342, 979, 15 L. R. A. 441, the plaintiff in error was tried upon a warrant is- ·sued by a justice of the peace for keeping a house of ill-fame and found guilty, and sentenced to pay a fine and also to be confined in jail six months. Thereupon, she appealed to the county court, and, before any further proceedings were had, moved to quash the war- rant on the ground that the justice had no jurisdiction to try the case in the first instance; but the motion was overruled. The case was then tried by a jury, which found her guilty, fixing the fine at $17.00 and adding a jail sentence of one month and twenty days. This judg- ment was affirmed by the circuit court. Upon writ of error to this court that judgment was reversed on the ground that the statute conferring concurrent jurisdic- tion upon justices with that of the county and corpora- tion courts over the offense of keeping a house of ill- fame was repugnant to section 10, Art. I, Constitution of Virginia, and that the statute giving in such case the right of appeal and trial by jury did not relieve the re- pugnancy. It will be observed that the offense for which this woman was prosecuted was a public crime punish- able by fine and imprisonment. Code, sec. 3790.

It is of interest to note that that case was overruled in *Brown* v. *Epps.* 91 Va. 726, 21 S. E. 119, 27 L. R. A. 676, where the court held that "Sec. 4106 of the Code, giving to the several police justices and justices of the peace concurrent jurisdiction with the county and cor- poration courts of certain criminal cases, is to be con- strued in conjunction with sections 4107 and 4108 giving to the person convicted the right of appeal to the county and corporation courts, and regulating how said appeal shall be tried. The appeal wholly sets at naught the judgment rendered against him, and sec. 4108 guaran- tees to him a fair trial by an impartial jury, before whom

he stands innocent until his guilt is proven. So con-
struing these sections, section 4106 is not in conflict with
Art. I, sec. 10 of the Constitution of Virginia. *Miller*
v. *Commonwealth,* 88 Va. 618, 14 S. E. 161, 342, 979, 15
L. R. A. 441, overruled.''

Still, the opinion of Lewis, P., in the *Mary Miller case*
is of value in connection with the case in judgment in
this, that at pages 620-621 it gives an accurate statement
of the law with respect to the class of offenses for the
trial of which the legislature may confer summary juris-
diction upon subordinate magistrates. The learned
judge, after referring to the constitutional provision,
observes: ''It must be conceded, however, notwithstand-
ing the broad language of the Constitution, that there
are many petty offenses against statutes or municipal
ordinances, such as Sabbath-breaking, drunkenness, va-
grancy, and a vast variety of others, which are triable
without a jury, because they were so triable when the
Constitution was adopted, and the right of trial by jury
which is secured is the right as it existed at the time the
Constitution was adopted. This was decided in the
recent case of *Ex parte Marx,* 86 Va. 40, 9 S. E. 475,
and such is the settled law on the subject.] *Byers* v.
*Com'th.* 42 Pa. St. 89; *Work* v. *State,* 2 Ohio St. 296, 59
Am. Dec. 671; *Inwood* v. *State,* 42 Ind. 186; *Tigally* v.
*Mayor of Memphis,* 6 Cald. 382; *State* v. *Glenn,* 54 Md.
572; *Natal* v. *Louisiana,* 139 U. S. 621, 11 Sup. Ct. 636,
35 L. Ed. 288; 4 Bl. Com. 280; 1 Step. Hist. Crim. Law,
122; 2 Dill. Mun. Corp. (4th ed.), sec. 439.''

It will be seen that the cases relied on by the plaintiff
in error apply to a more serious class of offenses than
the one in judgment, such as affect the public at large,
and are embraced in the criminal statutes of the State
and regarded as public crimes or misdemeanors. Thus,
*Jernigan's Case,* 104 Va. 850, 52 S. E. 361, so much re-

lied on by counsel, was "an act forbidden by a public statute, punishable by a proceeding in the name and for the benefit of the State, and, if the judgment was not satisfied, by confinement in jail." The prosecution arose under section 2071 of the Code, a general statute to prevent unlawful fishing in private waters east of the Blue Ridge. The violation of the statute was denominated a crime and not a mere tort.

The contention made on behalf of the city of Danville, that the course of appeal from the judgment of the mayor in the instant case was to the circuit court and not to the corporation court of the city, under section 2956 of the Code, is founded on a misapprehension of the statute. It is only "where the order is made or judgment rendered in a corporation, in a case involving the constitutionality or validity of an ordinance or by-law of said corporation" that the appeal lies to the circuit court. But that is not this case. Here, the judgment of the mayor from which the appeal was sought to be taken was for violation of the compulsory vaccination ordinance, and neither the constitutionality nor the validity of that ordinance was drawn in question.

For the foregoing reasons the order of the corporation court dismissing an appeal from the judgment of the mayor is affirmed.

*Affirmed.*