## CIRCUIT COURT OF PITTSYLVANIA COUNTY

Commonwealth of Virginia

v.

David N. Grimes
and Bryan Haskins

October 28, 2003

BY JUDGE ROBERT P. DOHERTY, JR.

The Defendants in this matter have asserted that they have a right to a trial before a jury on the charges of contempt of the Pittsylvania County Circuit Court. Conversely, the Special Prosecutor urges the Court to deny the Defendants' request on the basis that the period of incarceration being sought by the Commonwealth will not exceed five months and, as such, the charge constitutes a petty offense that does not trigger the right to trial by jury. For the reasons stated below, the Court finds that, under the facts of this case, the Defendants do not have a right to be tried by a jury.

A citizen's right to a trial by a jury of one's peers in a criminal prosecution is guaranteed by the Sixth Amendment of the United States Constitution, as extended to the States by the Fourteenth Amendment, and by Article I, Section 8, of the Constitution of Virginia. However, there exists a "category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision. . . ." *Duncan v. Louisiana*, 391 U.S. 145, 159, 88 S. Ct. 1444, 20 L. Ed. 2d 491 (1968). *See Ragsdale v. City of Danville*, 116 Va. 484 (1914) (under the Virginia Constitution, the trial of minor offenses does not trigger the right to a jury trial). The United States Supreme Court later defined this category of petty offenses or crimes as being those where the maximum authorized imprisonment does not exceed six months. *Baldwin v. New York*, 399 U.S. 66, 69, 90 S. Ct. 1886, 26 L. Ed. 2d 437 (1970). *See McCormick v. City of Virginia Beach*, 5 Va. App. 369, 372 (1987) (adopting the federal definition of petty offense in relation to the right of a trial by jury). Within the context of criminal contempt of court, the United States Supreme Court has declared "that petty contempt like other petty criminal offenses may be tried without a jury and that contempt of court is a

petty offense when the penalty actually imposed does not exceed six months or a longer penalty has not been expressly authorized by statute." *Taylor v. Hayes, Judge*, 418 U.S. 488, 495, 94 S. Ct. 2697, 41 L. Ed. 2d 897 (1974). *See Baugh v. Commonwealth*, 14 Va. App. 368, 374 (1992) (authority of courts to punish for contempt in absence of jury limited to petty offenses where penalty shall not exceed six months). Thus, when a court exercises its innate authority as recognized in *Holt v. Commonwealth*, 205 Va. 332, 336-37 (1964), to punish for contempt of court, the dispositive question as to whether the right to a jury trial exists is answered by the actual sentence imposed. *Muniz v. Hoffman*, 422 U.S. 454, 95 S. Ct. 2178, 45 L. Ed. 2d 319 (1975). *See also Kessler v. Commonwealth*, 18 Va. App. 14 (1994); *Powell v. Ward*, 15 Va. App. 553 (1993).

Here, the Commonwealth seeks a maximum period of imprisonment no longer than five months. Given the nature of the alleged offenses, the Court agrees that, if the Defendants are guilty, they should not be punished by more than five months incarceration. Accordingly, the Court finds that the crimes for which the Defendants have been charged are petty offenses. Their rights to a trial by jury are not triggered.

Therefore, the Court denies the Defendants request for a trial by jury.